### In re THE BOEING COMPANY EMPLOYMENT PRACTICES LITIGATION (NO. II)

Nadine McClam–Brown, et al. v. The Boeing Co., E.D. Pennsylvania, C.A. No. 2:98-3994

Solomon Williams, et al. v. The Boeing Co., W.D. Washington, C.A. No. 2:98-430

Solomon Williams, et al. v. The Boeing Co., et al., W.D. Washington, C.A. No. 2:98-761

No. 1573.

Judicial Panel on Multidistrict Litigation.

Dec. 2, 2003.

---

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN F. KEENAN, Acting Chairman.

This litigation now consists of three actions as follows: two actions in the Western District of Washington and one action in the Eastern District of Pennsylvania. The Pennsylvania plaintiffs move, pursuant to 28 U.S.C. § 1407, to centralize these three actions in the Western District of Washington for coordinated or consolidated pretrial proceedings. Defendant The Boeing Company (Boeing) opposes centralization.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Given the mini-mal number of actions involved in this docket, movants have failed to persuade us that these actions involve sufficient common questions of fact to warrant Section 1407 centralization at the present time. *See In re Scotch Whiskey,* 299 F.Supp. 543, 544 (Jud.Pan.Mult.Lit.1969). It appears from the record now before us that unique questions of fact in the Pennsylvania action relating to each plaintiff's terms and conditions of employment and work history at one Boeing facility in Pennsylvania predominate over any common questions of fact relating to allegations of company-wide racial discrimination among these three actions. It further appears that the Pennsylvania action is moving forward rapidly and that a motion for summary judgment may be filed shortly. If after the Pennsylvania court has ruled on any summary judgment motions, it appears that any allegations of company-wide discrimination remain unresolved in the Pennsylvania action, movants can again seek Section 1407 centralization. In any event, we point out that alternatives to Section 1407 transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation,* 188 F.Supp.2d 1380 (Jud.Pan. Mult.Lit.2002); *see also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

---

* Judges Hodges and Selya did not participate in the decision of this matter.